IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON INGIOSI, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-1567-SLR ) Del. Com. Pl. No. CPU4-13-0027896-13 |
| NCO FINANCIAL SYSTEMS, INC., | ) ) |
|       Defendant. | ) |

Sharon Ingiosi, Newark, Delaware. Pro se Plaintiff.

Joseph S. Shannon and Artemio C. Aranilla, II, Esquires, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: July 28, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Sharon Ingiosi ("plaintiff") who proceeds pro se, filed this lawsuit in the Court of Common Pleas for the State of Delaware in and for New Castle County alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendant NCO Financial Systems, Inc. ("NCO") removed the matter to this court on September 17, 2013. (D.I. 1)

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges that NCO, a collection agency, violated the FDCPA in August 2011, when it intercepted plaintiff's water payment check, made payable to Artesian Water Co., and cashed it to pay a default debt with NCO. Plaintiff alleges that she never had an account with NCO. Plaintiff received a disconnect notice in September. Plaintiff complained to the water company and was told that it had a working partnership with NCO to help it collect default money owed to it. Plaintiff was advised by the water company that her money would be returned. The money was returned and the water company waived all late fees. Plaintiff later discovered that her daughter has an account with NCO, although plaintiff and her daughter have different names. Plaintiff alleges that NCO engaged in illegal conduct. She seeks $15,000 in compensatory damages.

Presently before the court is NCO's motion for judgment on the pleadings, opposed by plaintiff. (D.I. 5) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant the motion.

## III. LEGAL STANDARDS

When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001). The motion can be granted only if no relief could be afforded under any set of facts that could be provided. *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Cardio-Medical Associates, Ltd. v. Crozer-Chester Med. Ctr.*, 536 F. Supp. 1065, 1072 (E.D. Pa.1982) ("If a complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiffs claim for relief, motions for judgment on the pleadings should be denied."). However, the court need not adopt conclusory allegations or statements of law. *In re General Motors Class E Stock Buyout Sec. Litig.*, 694 F.Supp. 1119, 1125 (D. Del. 1988). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

## IV. DISCUSSION

According to NCO, the original complaint was filed on August 26, 2013 and served on August 28, 2013. NCO seeks judgment on the pleadings on the grounds that plaintiff's claim was filed after the expiration of FDCPA's one-year statute of limitations. Plaintiff opposes the motion on the grounds that "the average person does not have knowledge of the statute of limitations but there are many violations committed not just the [FDCPA]." (D.I. 18)

2

Any claim brought pursuant to the FDCPA must be filed within one year after the date of the alleged violation. 15 U.S.C. § 1692k(d). It is evident from the filings that the complaint was filed well-past the one-year limitation period. According to the complaint, the alleged FDCPA violation occurred in August 2011, but plaintiff did not file this action until August 2013. While plaintiff claims that the average person does not have knowledge of the statute of limitations, ignorance of the law is not a basis for tolling the statute of limitations. *See School Dist. of Allentown v. Marshall,* 657 F.2d 16, 21 (3d Cir. 1981). Plaintiff's FDCPA is time-barred. Therefore, the court will grant NCO's motion for judgment on the pleadings.

## V. CONCLUSION

For the above reasons, the court will grant NCO's motion for judgment on the pleadings. (D.I. 5)

An appropriate order will issue.